

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY ORR AND MARIA ORR | : | CIVIL ACTION |
| Plaintiffs | : | |
| V. | : | NO. 3:02 CV2165 (AVC) |
| ROYAL INDEMNITY COMPANY D/B/A ROYAL & SUNALLIANCE | : | |
| Defendants | : | NOVEMBER 21, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The Defendant, Royal & SunAlliance, d/b/a Royal Indemnity Company (hereafter "Royal"), hereby submits this Memorandum of Law in Support of its Motion to Dismiss Count Three, alleging Breach of Implied Contract, and Count Six, alleging a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Because these Counts fail to state claims upon which relief can be granted, they should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

The Plaintiffs have re-pled claims sounding in implied contract and violations of CUTPA, which claims were originally pled in their initial complaint and were dismissed pursuant to Rule 12(b)(6) by a ruling of this Court, dated September 19, 2003. In its ruling, this Court dismissed the claim for breach of implied contract because the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs failed to allege the necessary consideration.  This Court dismissed the CUTPA claim because the Plaintiffs failed to allege that Royal's alleged conduct was committed with such frequency as to indicate a general business practice, as required under Conn. Gen. Stat. §38a-816(6).

The Plaintiffs have attempted to remedy these deficiencies in their Amended Complaint.  Specifically, in Count Three of the Amended Complaint, the Plaintiffs have added the allegation that:

> consideration was given by the Plaintiffs in exchange for the promises Royal made, which consideration included (i) paying for all out-of-pocket expenses in reliance on the promise of reimbursement from Royal, (ii) spending significant time and effort to supply Royal with several different estimates for all repair and replacement work during the claim process, and (iii) providing full access to their home and otherwise cooperating fully with all of Royal's directives during the claims process.

(Amended Complaint, at 13, Count Three, ¶ 45).

Also, with reference to their CUTPA claim, the Plaintiffs have added the following allegations:

> Royal has been accused of similar misconduct in processing many other claims, including but not limited to twenty-five (25) separate complaints to the Connecticut Insurance Department regarding Royal's homeowners insurance coverage since January of 2000, which include complaints of Royal's (i) claim procedures, (ii) unjustified refund delays, (iii) unjustified denial of claims, and (iv) unsatisfactory settlement procedures.
>
> Royal has also been sued for breach of contract and/or bad faith many times in multiple jurisdictions over the past several years, including but not limited to suits brought in the (i) United States Court of Appeals – Fourth Circuit, Ninth Circuit, and Tenth Circuit, (ii) the United States District Court – Districts of Connecticut, Arizona, N.D. of Georgia, E.D. of Texas, and E.D. of Pennsylvania, as well as (ii) the Connecticut Superior Court.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Amended Complaint at 17, Count Six, ¶¶ 51, 52).

As fully set forth below, these conclusory insertions do not suffice to revive the the Plaintiffs' claims of breach of imlplied contract and CUTPA violation, respectively.

## II. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the Court is required to accept as true all well pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); Easton v. Sundram, 947 F.2d, 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911, 112 S. Ct. 1943 (1992). Dismissal is warranted where, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 104 S. Ct. 2229 (1984). "Under Rule 12(b)(6)…conclusions of law or unwarranted deductions of fact are not admitted." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994). Furthermore, "[c]ourts do not accept conclusory allegations on the legal effect of the events plaintiff has set out, if these allegations do not reasonably follow from his description of what happened." Id. at 772 (internal citations omitted). Specifically, "conclusory allegations of the legal status of the defendant's acts need not be accepted as the truth for purposes of ruling on a motion to dismiss." Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995), citing In Re: American Express Co. Shareholder Litigation, 3 F.3d 395, 400-01 n.3 (2d Cir. 1994). Finally, "[a] complaint "must contain either direct or

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Andrews v. Ohio, 104 F.3d 803, 806 (6th Cir. 1997).

Additionally, it should be noted that Rule 9(b) of the Federal Rules of Civil Procedure requires that with averments of fraud, the circumstances constituting fraud shall be stated with particularity. Fed. R. Civ. Proc. 9(b) (2003). "To the extent that fraud is being alleged under the rubric 'deceptive trade practices,' Rule 9(b) governs the pleading procedures." NCC Sunday Inserts v. World Color Press, 692 F. Supp. 327, 330 (S.D. N.Y., 1988) (dismissing CUTPA claim for failure to plead with particularity).

## III. ARGUMENT

### A. The Plaintiffs have Failed To State a Claim of Breach of Implied Contract Upon Which Relief Can Be Granted

"Connecticut does recognize implied contracts as long as the essential elements of a contract are met. The elements of a traditional common law contract are an offer, acceptance and consideration." King v. Dowling Ford, Inc., 1997 WL 435855 (Conn. Super. Ct., July 28, 1997) (Meadow, J.), citing Reynolds v. Owen, 34 Conn. Supp. 107, 110, 380 A.2d 543 (1977). However, "An implied contract can only exist where there is no express one ... Quantum meruit is a form of equitable remedy restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties." Biller Associates v. Rte. 156 Realty Co., 52 Conn. App. 18, 30, 725 A.2d 398 (1999), aff'd., 252 Conn. 400, 746 A.2d 785 (2000).

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiffs allege that Royal has an obligation to pay Plaintiffs' claims separate and distinct from its obligations created by the Policy. To wit: "Royal. . . agreed to repair and replace all damage cause by the fire, including, but not limited to covering the reconstruction of the fireplace and chimney." (Amended Complaint at 13, Count Three, ¶ 44). This implied contract is alleged to be "separate and distinct" from Royal's obligation under the Policy, which the Plaintiffs allege to be "to indemnify all losses and to cover any repair or replacing cost caused by the fire." (Amended Complaint at 11, Count One, ¶ 43). Given that the Plaintiffs have alleged the existence of an express contract, the obligations under which appear to be exactly the same as those alleged under the implied contract, then no implied contract can be said to exist. Simply, put, how the implied contract is alleged to be "separate and distinct" from the Policy defies logic.[1]

Furthermore, despite the Plaintiffs' attempt to remedy the deficiency in their initial complaint, there is still no adequate consideration alleged to support a separate implied contract. "It is an accepted principle of law in this state that when a party agrees to perform an obligation for another to whom that obligation is already owed, although for lesser remuneration, the second agreement does not constitute a valid, binding

---

[1] Royal has reasserted an argument made in its first Motion to Dismiss addressed to the implied contract claim in the Plaintiffs' initial complaint. Royal only reasserts this argument in recognition of this Court's note that "Royal raised several other arguments in support of its motion to dismiss. Because we conclude that the cause of action for breach of an implied contract fails by not alleging consideration the court need not reach those arguments." <u>Ruling on the Defendant's Motion to Dismiss</u>, dated September 19, 2003, at 15, fn.3.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

contract. <u>New England Rock Services, Inc. v. Empire Paving, Inc.</u>, 53 Conn. App. 771, 776-77 (1999).

In consideration for this "separate and distinct" obligation, the Plaintiffs claim that they (i) paid for out-of-pocket expenses in reliance on reimbursement, (ii) expended time and effort to supply Royal with estimates, and (iii) provided access to their home to help facilitate repairs. (Amended Complaint at 13, Count Three, ¶ 45). As to the first of these alleged categories of purported consideration, it is clear that any right to reimbursement arises from the express contract by which the Plaintiffs were already bound. As to the second category, the Plaintiffs have given no indication that their purported expenditure of "time and effort" to supply Royal with estimates conferred any benefit on Royal, nor have they alleged any indication that Royal sought such estimates. Finally, as to the third category, it is equally clear that providing access to the Plaintiffs' home is an obligation that also arose from the policy, as it would be impossible for an insurer to "repair and reconstruct" – their obligation as alleged in Count One – without such access.

In sum, these bogus allegations of "consideration" are simply inadequate. The Plaintiffs were already bound by the insurance policy to cooperate in the adjustment of their claim, and the procurement of unsolicited estimates for which "time and effort" were expended hardly qualifies as valuable consideration.

Because the Plaintiffs attempt to assert an implied contract which essentially entails the exact same obligations as the express contract also alleged to exist (and

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

unchallenged by Royal in this Motion to Dismiss), and further because the Plaintiffs have still not alleged adequate consideration, the breach of implied contract claim fails to state a claim upon which relief can be granted.

### B. The Plaintiffs have Failed to State A Claim of CUTPA Violation Upon Which Relief Can Be Granted

The Plaintiffs contend that Royal has violated CUTPA by virtue of its having violated the Connecticut Unfair Insurance Practices Act ("CUIPA"), particularly the provision codified as Conn. Gen. Stat. §38a-816(6), which deems certain conduct which, when committed with such frequency as to indicate a general business practice, to be an unfair trade practice in the business of insurance. Id. In connection with their claim of a CUTPA violation, the Plaintiffs have incorporated allegations that Royal committed fraud (Amended Complaint at 16, Count Six, ¶¶ 45-47); and that Royal's actions "constitute immoral, unethical, and bad faith conduct designed to mislead or deceive the [Plaintiffs] for a dishonest purpose." (Amended Complaint at 16, Count Six, ¶ 49).

Because the Plaintiffs have chosen to insert this unnecessary invective into their claim of a CUTPA violation, they have committed themselves to pleading that Count with particularity as required by Federal Rule of Civil Procedure 9(b). The purposes of the Rule 9(b) pleading requirements are to protect a party's reputation from harm by discouraging meritless fraud accusations that can do serious damage to the goodwill of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

a business or professional person.  2 Moore's Federal Practice §9.03(1)(a) (Mathew Bender, 3d ed., 2001).

In NCC Sunday Inserts, Inc. v. World Color Press, Inc., 692 F. Supp. 327 (S.D. N.Y., 1988), the Court noted that "[f]or a representation to be unlawfully deceptive under CUTPA, it is not necessary that the seller intended to deceive." Id. at 330.  This reflects the majority position in examining allegations of CUTPA violations, and serves as the reason typically cited in cases where Rule 9(b) is held inapplicable to CUTPA claims. See e.g. Omega Engineering, Inc. v. Eastman Kodak Co., 908 F. Supp. 1084, 1100 (D. Conn. 1995) (noting that "[b]ecause CUTPA claims do not necessarily allege such bad behavior, they are less serious than charges of fraud."); see also, Fed. Paper Bd. Co. v. Amata, 693 F. Supp. 1376, 1390 (D. Conn. 1988) (noting that, because fraud is not a necessary element of CUTPA claim, such a claim need not be alleged with particularity).

However, the Court in NCC, supra, went on to note that, "although fraudulent intent need not be proven to establish a violation of CUTPA, if fraudulent intent is being alleged under CUTPA in federal court, then the complaint must meet the particularity requirements of Rule 9(b)." NCC, supra, at 330; See also Sorisio v. Lenox, Inc., 701 F. Supp. 950, 968 (D.Conn. 1988) (holding that "[a] CUTPA claim must be pleaded with particularity to allow evaluation of the legal theory upon which the claim lies.")

Because CUTPA does not require a demonstration of fraudulent intent, it is a logical approach – given the purposes of Rule 9(b) in protecting reputational harm from

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the damaging effects of baseless accusations – to only require particularity with respect to CUTPA claims that *do* allege fraudulent intent, such as the instant claim. See Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992) (noting "[p]eople should be discouraged from tossing ... accusations into complaints in order to induce advantageous settlements or for other ulterior purposes. Rule 9(b) does that.").

Even if the Court decides that this CUTPA claim is not so outrageously accusational in tone as to warrant the requirement that it be pled with the particularity required by Rule 9(b), it may nonetheless require more particularity than the Plaintiffs have offered to support their claim. See Martin v. American Equity Ins. Co., 185 F. Supp. 2d. 162, 168 (D. Conn. 2002) (noting without discussion of Rule 9(b) that "Plaintiff's claim that the denial of coverage here was part of a general business practice is simply set forth on information and belief and in the most conclusory fashion, without any factual allegations to support this claim. No facts whatsoever have been pled in support [of] this claim.")

In the instant case, the Plaintiffs, having utilized this Court's previous ruling as an instruction on how to revive their CUTPA claim, have added baseless accusations that Royal has been accused of similar conduct before. (Amended Complaint at 16, Count Six, ¶¶ 51, 52). These accusations raise several distinct problems.

First, allegations regarding suits pending in the Fourth, Ninth, and Tenth Circuits are plainly irrelevant as, contrary to plaintiffs' allegations, suits are not "brought" in the Circuit Courts. More importantly, nowhere do the plaintiffs allege that Royal has

-9-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

actually committed any similar conduct with respect to any other insured, but merely that they have been accused of doing so, as though an accusation makes a thing so. The text of CUIPA requires a showing that an insured "commit[ed] or perform[ed] [proscribed conduct] with such frequency as to indicate a general business practice." Conn. Gen. Stat. §38a-816(6). CUIPA does not, nor could it, prohibit an insurance company from having accusations leveled against it. This is conduct quite obviously outside of the control of an insurer. Having failed to allege the resolution of the purported complaints, or the resolution of the suits allegedly filed or pending against Royal, the Plaintiffs have given no indication as to whether Royal actually engaged in the conduct complained of or sued upon.[2]

---

[2] Furthermore, to the extent that these other instances of "bad faith" conduct by Royal involve out-of-state insureds, they are irrelevant to their CUIPA claim. This is so because CUIPA cannot regulate foreign insurers' conduct towards foreign insureds with no connection to this state. In Federal Trade Comm'n v. Travelers Health Ass'n, 362 U.S. 293 (1960), the United States Supreme Court noted the effect of the McCarran-Ferguson Act and the Federal Trade Commission Act on Nebraska's Unfair Competition and Trade Practices Act, which stated that "[n]o person domiciled in or resident of this state shall engage in . . . unfair or deceptive acts and practices in the conduct of the business of insurance in any other state." Id. at 295 - 96. The Court, in examining the legislative history of the McCarran-Ferguson Act, concluded that:

> [it was] "not the intention of Congress in the enactment of this legislation to clothe the States with any power to regulate or tax the business of insurance beyond that which they had been held to possess . . . [pursuant to] *Allgeyer* v. *Louisiana*, (165 U.S. 578), *St. Louis Cotton Compress Co.* v. *Arkansas* (260 U.S. 346), and *Connecticut General Insurance Co.* v. *Johnson* (303 U.S. 77), which hold, inter alia, that a State does not have power to [regulate insurance transactions] outside its jurisdiction by individuals or corporations resident or domiciled therein covering risks within the State."

Id. at 300 – 01.

Furthermore, if CUIPA were deemed capable of regulating such transactions it would also have to be deemed unconstitutional as violative of the dormant commerce clause. See Healy v. The Beer Institute, 491 U.S. 324, 335 - 42 (1989) (striking down a Connecticut statute regulating liquor pricing outside of the state, the Court noted that "the Commerce Clause . . . precludes the application of a state

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second, the Plaintiffs have not described Royal's alleged conduct with respect to the alleged complaints filed against it with the Connecticut Department of Insurance, nor with the suits allegedly filed against it. The Plaintiffs state that the complaints filed against Royal included complaints of Royal's "(i) claim procedures, (ii) unjustified refund delays, (iii) unjustified denial of claims, and (iv) unsatisfactory settlement procedures." (Amended Complaint at 16, Count Six, ¶ 51). The Plaintiffs do not allege, however, within which of the sub-sections of 38a-816(6) such conduct comes. The same can be said of the Plaintiffs' allegations of lawsuits alleging "breach of contract and/or bad faith." §38a-816(6) does not enumerate "breach of contract and/or bad faith" as proscribed under that section. Id.

Notably, the Plaintiffs have not included allegations that Royal has been found to be in violation of this or any other state's unfair insurance practices acts, nor particularly the unfair claim settlement practices provisions of those acts. As such, whether required to plead with particularity under Rule 9(b) or not, the Plaintiffs have failed to include allegations of each element necessary to demonstrate a 38a-816(6) violation upon which relief can be granted. Failing to have properly alleged a CUIPA claim, the Plaintiffs' CUTPA claim must also fail.

---

statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State . . . Second, a statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid regardless of whether the statute's extraterritorial reach was intended by the legislature." )

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## IV. CONCLUSION

The new allegations inserted into the Plaintiffs' Amended Complaint do not cure the defects in their claims for breach of implied contract and violation of CUTPA, respectively. Because those claims fail to state claims upon which relief can be granted, Royal respectfully requests that this Court grant its Motion to Dismiss Counts Three and Six of the Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6).

THE DEFENDANTS:
ROYAL INDEMNITY COMPANY
D/B/A ROYAL & SUNALLIANCE

By *Kathleen A. St. Onge*
Kathleen A. St. Onge of
HALLORAN & SAGE LLP
Fed. Bar # ct 16323
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 21st day of November, 2003, I hereby mailed a copy of the foregoing to:

Jeffrey M. McCormick, Esq.
O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT  06840

*Kathleen A. St. Onge* (signature)
Kathleen A. St. Onge

487844.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105