UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY ORR AND MARIA ORR | : | CIVIL ACTION |
| Plaintiffs | : | |
| | | NO. 3:02 CV2165 (AVC) |
| V. | : | |
| ROYAL INDEMNITY COMPANY D/B/A ROYAL & SUNALLIANCE | : | |
| Defendants | : | JANUARY 26, 2004 |

## REPLY BRIEF TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Pursuant to D. Conn. L. Civ. R. 7(d), the Defendant, Royal Indemnity Company d/b/a Royal & SunAlliance ("Royal"), hereby submits this reply brief to the Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, dated January 9, 2004 (hereafter cited as "Plaintiffs' Opp. Memo. at ___").

## I. INTRODUCTION

The Plaintiffs initiated this case by a seven-count Complaint, originally filed in Connecticut Superior Court, J.D. of Stamford on October 31, 2002 and thereafter removed to this Court.  Royal moved to dismiss six of the counts.  Two counts, alleging breach of implied contract and violation of CUTPA/CUIPA, were dismissed by this Court's Ruling on September 19, 2003.  The Plaintiffs, in response, filed an Amended Complaint in an attempt to revive these two counts, to which Royal responded with a second Motion to Dismiss, opposed by the Plaintiffs' Memorandum dated January 9, 2004.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. FACTUAL BACKGROUND

Royal hereby incorporates the factual background included in its Memorandum of Law in support of its second Motion to Dismiss.

## III. LEGAL STANDARD

Royal hereby incorporates the legal standard included in its Memorandum of Law in support of its second Motion to Dismiss, and adds the following. "The sufficiency of a complaint is only based on the well-pleaded facts contained in the complaint, not those extraneous to it that are later raised by the Plaintiff to bolster the sufficiency of the complaint." Musikiwamba v. ESSI, Inc., 760 F.2d 740, 752 (7th Cir. 1985). The inclusion of "factual allegations in … moving papers not contained in the Complaint … is wholly inappropriate." United States v. Cheng, 184 F.R.D. 399, 402, n.1 (D. N.M. 1998). "[C]ounsel may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint. The complaint itself must show [the plaintiff] is entitled to relief under each claim raised." Bauchman v. West High School, 132 F.3d 542, 550 (10th Cir. 1994), cert. denied, 524 U.S. 953 (1998).

## IV. ARGUMENT

**A. The Plaintiffs Have Failed to Demonstrate That The Alleged Implied Contract was Supported by Consideration.**

The Plaintiffs have not pled their implied contract count in such a way as to survive a Rule 12(b)(6) challenge. "Under Rule 12(b)(6)…conclusions of law or unwarranted deductions of fact are not admitted." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Cir. 1994). Further, in order to survive a Rule 12(b)(6) challenge, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Andrews v. Ohio, 104 F.3d 803, 806 (6th Cir. 1997). One material element of an implied contract claim is a showing that the contract was supported by adequate consideration.

The Plaintiffs argue that "Royal's representations and conduct during the claims process induced Plaintiffs to do more than originally obligated under the Insurance Policy."[1] (Plaintiffs' Opp. Memo. at 6). In support of this statement, they argue that, one, their payment of out-of-pocket expenditures was an obligation beyond that required of them under the Policy (Plaintiffs' Opp. Memo. at 6), two, "their expenditure of time and effort to supply Royal with estimates for certain repair and replacement costs" was an obligation "separate and distinct" from the Policy (Plaintiffs' Opp. Memo. at 6), and three, the obligation to provide Royal with "access to their home" is an obligation which is "separate and distinct" from the Policy. (Plaintiffs' Opp. Memo. at 7). Each assertion is addressed in turn below.

First, the Plaintiffs argue that Royal references no policy provision which "previously obligates Plaintiffs to cover roughly $30,000 worth of expenditures from their own pocket." (Plaintiffs' Opp. Memo at 6). It must initially be noted that nowhere in the Plaintiffs' Amended Complaint have they alleged this "$30,000" amount of out-of-pocket expenses allegedly paid.[2] The Plaintiffs may not now further amend their pleading in their opposition motion by adding

---

[1] The Plaintiffs refer to policy number no. RKG 5716EE, issued by Royal to the Plaintiffs (the "Policy").
[2] The Plaintiffs do not provide a citation to their Amended Complaint for this claim of "$30,000" in their opposition memorandum, and a careful review of the operative pleading reveals no such allegation.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

such a figure, nor can they add characterizations based on that figure, such as "a great personal expense." (Plaintiffs' Opp. Memo. at 6).  See e.g., Musikiwamba, supra, 760 F.2d at 752 ("[t]he sufficiency of a complaint is only based on the well-pleaded facts contained in the complaint, not those extraneous to it that are later raised by the Plaintiff to bolster the sufficiency of the complaint."); Cheng, supra, 184 F.R.D. at 402, n.1 (the inclusion of "factual allegations in … moving papers not contained in the Complaint … is wholly inappropriate."); Bauchman, supra, 132 F.3d at 550 ("counsel may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint. The complaint itself must show [the plaintiff] is entitled to relief under each claim raised.").

Furthermore, the Plaintiffs' own characterization of the Policy demonstrates that they are already obligated under the Policy to make "out of pocket" payments.  The Plaintiffs characterize the Policy as follows: "under the Policy, Royal is obligated to indemnify all losses and to cover repair or replacing cost" (Amended Complaint, at Count One, ¶ 43).  "Indemnify" means "to reimburse."  BLACK'S LAW DICTIONARY 772 (7th ed.,1999).  Obviously, Royal would have no obligation to "reimburse" or "indemnify" under the Policy unless and until its insured made some payment in the first instance "out of pocket."  Furthermore, the amount of the "out of pocket" expenses, or even whether or not Royal actually did reimburse those expenses[3] is irrelevant to this analysis because all these facts pertain to the obligations under the express

---

[3] Obviously, Royal cannot yet respond to the Plaintiffs' allegations that they "have not been reimbursed for out of pocket repair and replacement expenses," because Royal's answer to the Amended Complaint must await the outcome of the present Motion to Dismiss.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

contract, and not to any supposed further obligations which purportedly serve as consideration for the allegedly "separate and distinct" implied contract.

The express contract, according to the Plaintiffs' characterization, obligates Royal to reimburse, and from that fact it may be logically deduced that the Plaintiffs were obligated to make expenditures that are reimbursable in the first instance.  More simply put, one cannot recover expenses from one's insurance company if one has not incurred those expenses in the first place.  Because the making of "out of pocket" payments is an obligation already derived from the express contract, the making of such payments cannot serve as consideration under the allegedly "separate and distinct" implied contract.  See New England Rock Services, Inc. v. Empire Paving, Inc., 53 Conn. App. 771, 776-77 (1999) ("It is an accepted principle of law in this state that when a party agrees to perform an obligation for another to whom that obligation is already owed, although for lesser remuneration, the second agreement does not constitute a valid, binding contract.)

Second and third, respectively, the Plaintiffs assert that they "allege consideration by their expenditure of time and effort to supply Royal with estimates for certain repair and replacement costs" and "by stating that they provided Royal access to their home and otherwise cooperated fully with all of Royal's directives." (Plaintiffs' Opp. Memo. at 6 - 7).  The Plaintiffs assert that their "obligation to obtain and submit estimates was separate and distinct from the policy" and that their "obligation to provide access to their home . . . was separate and distinct from the Policy." (Plaintiffs' Opp. Memo. at 7, 8).  Nonetheless, the Plaintiffs cannot escape the conclusion that the Policy already obligated them to do these things, and thus they may not rely

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on these allegedly additional "burdens" to demonstrate the necessary consideration for the alleged implied contract. This is so because, while the Plaintiffs have not alleged the policy terms which obligate them to submit estimates and allow access to their home, notably, they have also not alleged that the Royal Policy failed to include statutorily required terms.

Conn. Gen. Stat. §38a-308(a) states that "no policy or contract of fire insurance shall be . . . issued . . . by any insurer . . . on any property in this state, unless it conforms as to all provisions. . . set forth in section 38a-307." Conn. Gen. Stat. §38a-307 in turn states that a Connecticut fire insurance policy must include the following language:

> Requirements in case loss occurs. <u>The insured shall</u> give immediate written notice to this Company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, <u>furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claims;</u> . . . [and] render to <u>this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the</u> . . . <u>the actual cash value of each item thereof and the amount of loss thereto</u>. <u>The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described</u>, and submit to examinations under oath . . . and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers . . . at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made.

<u>Id</u>. There are no facts alleged in the Amended Complaint from which this Court can infer that the Policy did not include these statutorily required provisions, especially in light of the fact that the Plaintiffs have not pled such a violation among the litany of other violations of Connecticut's insurance statutes they allege Royal committed.

What these statutorily required policy terms show is that the obligation to demonstrate in detail the "costs, actual cash value and amount of loss claims" and to "exhibit to any person

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

designated by [Royal] all that remains of the property" are obligations that arise under the Policy. This Court ought not consider the Plaintiffs' conclusory allegations to the contrary.

Because the Plaintiffs have not and cannot demonstrate any adequate, independent consideration for the alleged separate and distinct implied contract, Count Three of their Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

**B. The Plaintiffs Have Failed to Allege a CUTPA Violation Upon Which Relief Can be Granted**

The Plaintiffs respond to Royal's argument (that allegations that Royal has engaged in unfair claims settlement practices "with such frequency as to indicate a general business practice" are unfounded) by appending to their memorandum an unauthenticated exhibit meant to demonstrate that the alleged other accusations were relevant and founded. This strategy is flawed for several reasons. First, the Plaintiffs may not now add additional allegations to bolster their deficient complaint. Second, the materials added are unauthenticated and irrelevant. Third, the materials, when examined closely, support Royal's position.

As noted above, the Plaintiffs may not now further amend their pleading in their opposition motion by appending evidentiary materials to their opposition memorandum. (Plaintiffs' Opp. Memo. at Exhibit A). See e.g., Musikiwamba, supra, 760 F.2d at 752; Cheng, supra, 184 F.R.D. at 402, n.1; Bauchman, supra, 132 F.3d at 550. The Plaintiffs have nonetheless appended to their opposition memorandum what purports to be "a report furnished by the Connecticut Insurance Department." (Plaintiffs' Opp. Memo. at 11). Nowhere do the Plaintiffs' assert how or by whom the document was authenticated or which state's "consumer

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

affairs division" produced the document.  At any rate, the document must be disregarded as it was not plead in, nor attached to or incorporated into, or otherwise made a part of the Plaintiffs' Amended Complaint.[4]

Thus, the Plaintiffs are still only left with the assertion that alleged *accusations* of wrongdoing by other insureds satisfies the general business practices requirements elucidated in Lees v. Middlesex Insurance Company, 229 Conn. 842, 850 (1994).  The analysis on a Rule 12(b)(6) motion must be whether, accepting the Plaintiffs allegations as true, a claim under §38a-816(6) has been stated upon which relief can be granted.  No court has ever held that an insurer who has been *accused* of wrongful conduct in other unresolved or settled cases can be held to have "committed unfair claims settlement practices with such frequency as to indicate a general business practice."  Conn. Gen. Stat. §38a-816(6) requires a showing that an insured has *committed* some or all of the enumerated acts – not merely been *accused of committing* enumerated acts – with such frequency as to indicate a general business practice.  Therefore, to properly state a claim at the pleading stage, the Plaintiffs must at least *allege* that Royal has *committed* the described acts with frequency.  They have not done so.

The case cited by the Plaintiffs in support of their unique proposition demonstrates the distinction.  In O'Leary Limited Partnership v. Travelers Property Casualty Company, 2001 WL

---

[4] Even taking the improperly pled document into consideration, however, a careful examination reveals that it contains only accusations, and no findings of Royal having committed proscribed claims settlement practices.  The report lists twenty-six insureds' complaints.  (See Plaintiffs' Opp. Memo. at Exhibit A).  By reference to the attached complaint coding sheets, the report demonstrates that three of the twenty-six cases are open and pending.  Of the twenty-three remaining cases that have been concluded, the dispositions of the claims are as follows.  One was for "Cross Ref[erence] Only," three concluded "No Action Nec[essary]," eight were "Settled," and eleven were deemed "unfounded."  Notably, none were found to be "Justified" or even "Questionable."  (See Plaintiffs' Opp. Memo. at Exhibit A).

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

399909 (Conn. Super. Ct., April 2, 2001) (Koletsky, J.) (copy attached hereto as Exhibit A), the court noted, in denying the defendant insurer's motion to strike, that "the plaintiff alleges . . . that the defendant has <u>committed</u> the alleged wrongful act 'with some frequency' . . ." Id. at *3 (emphasis added).  Contrast that allegation with these Plaintiffs' allegation that "Royal has been <u>accused</u> of similar misconduct" (Amended Complaint, at Count Six, ¶ 51) (emphasis added), or that "Royal has also <u>been sued</u> for breach of contract and/or bad faith many times in multiple jurisdictions. . ." (Amended Complaint, at Count Six, ¶ 52) (emphasis added).[5]

Having failed to allege the *commission* of proscribed acts beyond their own claim, the Plaintiffs have thus failed to state a claim for violation of CUTPA/CUIPA upon which relief can be granted.  Pursuant to Rule 12(b)(6), Count Six of the Plaintiffs' Amended Complaint should accordingly be dismissed.

## V. CONCLUSION

Wherefore, Royal respectfully requests that this Court grant its Motion to Dismiss Counts Three and Six of the Plaintiffs' Amended Complaint.

---

[5] The Plaintiffs justify the importance of accusation as follows: "as court actions against insurance companies pit lay-people against large institutional conglomerates, most claims are settled before reaching a verdict stage" and "it is in an insurance companies' best interest to settle any strong claim against it, as a negative final adjudication would leave them with no defense to the 'general business practice' requirement."  The Plaintiffs would apparently have this Court believe that a settlement between an individual and a large institutional conglomerate means that the conglomerate actually did whatever the individual accused it of doing.  The Plaintiff seems to disavow the possibility that a "large institutional conglomerate" might, for the sake of economic efficiency and to uphold legal duties owed to its shareholders, settle even ridiculously frivolous claims if that could be done for less expense than obtaining a slam-dunk defense verdict at trial.

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANTS:
ROYAL INDEMNITY COMPANY
D/B/A ROYAL & SUNALLIANCE

By _____
   John W. Lemega,
   Fed Bar # ct 04250, and
   Kathleen A. St. Onge
   Fed. Bar # ct 16323, of
   HALLORAN & SAGE LLP
   One Goodwin Square
   225 Asylum Street
   Hartford, CT 06103
   (860) 522-6103

### **CERTIFICATION**

This is to certify that on this ____ day of January, 2004, I hereby mailed a copy of the foregoing to:

Jeffrey M. McCormick, Esq.
O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT  06840

_____
Kathleen A. St. Onge

506263.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105