Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

O'LEARY LIMITED PARTNERSHIP,
v.
TRAVELERS PROPERTY CASUALTY COMPANY.

No. X04CV990121281S.

April 2, 2001.

*MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE*

KOLETSKY.

**\*1** On February 29, 2000, the plaintiff, O'Leary Limited Partnership, filed a revised complaint against the defendant, Travelers Property Casualty Company, for damages allegedly sustained as the result of the defendant's failure to process plaintiff's fire loss claim. The plaintiff's property, located in Hartford, Connecticut, was insured by the defendant's business owner's policy effective from December 11, 1998 through December 11, 1999. The building on the subject premises was totally destroyed by fire on June 23, 1999, and the plaintiff filed a proof of loss. The plaintiff instituted this lawsuit when the defendant failed to pay sums claimed due under the policy.

By motion to strike dated March 16, 2000, the defendant moves to strike the second, third and fourth counts of the plaintiff's revised complaint. In the second count, the plaintiff claims the denial of coverage was made in bad faith. In the third count, the plaintiff claims the defendant's conduct was in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"). In the fourth count, the plaintiff claims that defendant's actions were in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The court heard oral argument on defendant's motion to strike on December 21, 2000, at which time the third count was stricken by agreement.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted." *Faulkner v. United Technologies Corp.,* 240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs] have stated a legally sufficient cause of action." *Dodd v. Middlesex Mutual Assurance Company,* 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." *Faulkner, supra,* 580. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc. v. BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992).

*SECOND COUNT*

The second count of the plaintiff's revised complaint alleges that the defendant "failed to act in good faith ... regarding the rights of the plaintiff under the insurance policy" by failing to pay the claim in a timely fashion, by denying the claim without any knowledge as to the cause or origin of the fire, and by failing and refusing to accept or respond to the plaintiff's proof of loss. The defendant moves to strike this count, claiming that the plaintiff has failed to allege sufficient facts to support a "bad faith" cause of action.

"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement ... Bad faith means more than negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) *Gupta v. New Britain General Hospital,* 239 Conn. 574, 598, 687 A.2d 111 (1996). The implied covenant of good faith and fair dealing is applicable to insurance contracts. *Verrastro v. Middlesex Insurance Company,* 207 Conn. 179, 190, 540 A.2d 693 (1988); *Magnan v. Anaconda Industries, Inc.,* 193 Conn. 558, 566, 479 A.2d 781 (1984).

**\*2** According to the allegations of the second count, which allegations are taken as true for purposes of this motion to strike, the defendant failed to respond to plaintiff's proof of loss, failed to pay plaintiff's claim in a timely fashion and denied plaintiff's claim "without *any* knowledge as to the cause or origin of the fire." (Emphasis added.) The allegation that the defendant denied the claim even though it had no information whatsoever as to the cause or origin of the fire is an assertion of more than bad judgment or negligence; it contemplates the "ill will" necessary for a claim of "bad faith."

For this reason, the court finds the plaintiff has alleged sufficient facts to support a cause of action for breach of the implied covenant of good faith and fair dealing and denies the defendant's motion to strike the second count of the revised complaint.

*FOURTH COUNT*

The fourth count of the plaintiff's revised complaint alleges that the defendant acted in an immoral, oppressive, unethical and unscrupulous manner, causing substantial

injury to consumers, thereby violating the provisions of CUTPA. In support of that claim, the plaintiff alleges that "[u]pon information and belief, the Travelers Property Casualty Company has committed, with some frequency, [CUIPA violations] as is indicative in the case of *Travelers Property & Casualty Insurance Company v. Robert Troyer,* CV 98 0580328, Superior Court, Judicial District of Hartford, which, together with the instant case, reflects a general business practice as to the denial of claims involving fire losses of unknown origin without any reasonable belief that the policyholder was responsible for said loss." In its motion to strike, the defendant claims the plaintiff's CUTPA allegations are insufficient as a matter of law because the plaintiff has not alleged sufficient facts of a "general business practice" to state a claim for unfair claims settlement practices under CUTPA.

Section 42-110b(a) of the General Statutes (CUTPA) provides as follows: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110g(a) provides, in relevant part, as follows: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by Section 42- 110b, may bring an action ... to recover actual damages."

> In determining when a practice is unfair, we have adopted the criteria set out in the "cigarette rule" by the federal trade commission: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers ... (Citations omitted; internal quotation marks omitted.)

**\*3** *A-G Foods, Inc. v. Pepperidge Farm, Inc.,* 216 Conn. 200, 215, 579 A.2d 69 (1990).

A CUTPA count based upon alleged unfair claim settlement practices by an insurer requires proof, as under CUIPA, that the wrongful conduct was committed or performed by the defendant "with such frequency as to indicate a general business practice." *Lees v. Middlesex Insurance Company,* 229 Conn. 842, 850, 643 A.2d 1282 (1994); *Mead v. Burns,* 199 Conn. 651, 509 A.2d 11(1986). "Under the guidelines set forth in *Mead v. Burns, supra,* for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." *Quimby v. Kimberly Clark Corporation,* 28 Conn.App. 660, 672, 613 A.2d 838 (1992).

The plaintiff alleges, upon information and belief, that the defendant has committed the alleged wrongful act "with some frequency," "as is indicative" in the case of *Travelers v. Troyer,* which, together with the instant case, reflects a general business practice of denying certain fire loss claims without having any information upon which to base a denial. Construing the allegations of the fourth count in the light most favorable to the pleader, the court concludes that sufficient facts have been alleged to support a CUTPA cause of action based on CUIPA violations. The plaintiff does not allege that *Travelers v. Troyer* is the *only* other instance of the defendant's challenged conduct. It alleges that *Travelers v. Troyer,* upon information and belief, is *indicative* of defendant's general business practice of unlawfully denying such losses. Indeed, if, after discovery, it should be determined that *Travelers v. Troyer* is the only other case involving the defendant's challenged conduct, it is likely a motion for summary judgment on this count would be granted by the court. Until discovery has been completed, however, the plaintiff is entitled to the opportunity to gather information supporting its claim that the defendant's alleged wrongful conduct has been committed with such frequency as to indicate a general business practice. The court therefore denies the defendant's motion to strike the fourth count of the revised complaint.

## CONCLUSION

**\*4** For the foregoing reasons, the court denies the defendant's motion to strike the second and fourth counts of the plaintiff's revised complaint dated February 29, 2000.

2001 WL 399909 (Conn.Super.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works