UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY H. ORR and MARIA ORR, | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | Case No. 3:02cv2165 (AVC) |
| V. | : | |
| | : | |
| ROYAL INDEMNITY COMPANY d/b/a | : | |
| ROYAL & SUNALLIANCE, | : | |
|     Defendant. | : | February 25, 2004 |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY, *NUNC PRO TUNC*

**I.   INTRODUCTION**

The Plaintiffs, Timothy H. Orr and Maria Orr ("Plaintiffs"), hereby motion the Court for leave to file a Surreply ("Surreply", which is being filed concurrently herewith) to Defendant Royal Indemnity Company d/b/a Royal & Sunalliance's ("Royal" or "Defendant") Reply Brief to Plaintiffs' Memorandum in Opposition to Motion to Dismiss, dated January 26, 2004 ("Reply Brief").  In support of this Motion for Leave, Plaintiffs state as follows:

**II.   BACKGROUND**

1.   On or about January 21, 2003, Defendant filed its first Motion to Dismiss ("First Motion to Dismiss").

2.   By Ruling dated September 19, 2003, the Court granted in part and denied in part the First Motion to Dismiss ("Ruling").

3.   More particularly, the Court denied Defendant's attempt to dismiss the (i) promissory estoppel, (ii) fraud, (iii) breach of implied covenant of good faith and fair dealing, and (iv) negligence counts in Plaintiffs' original complaint.

4. However, the Court dismissed the Breach of Implied Contract count (Count Three) due to Plaintiffs' failure to properly allege the necessary consideration, and further dismissed the CUTPA/CUIPA count (Count Six) due to Plaintiffs' failure to allege conduct by Defendant that indicated a general business practice.

5. Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs filed the First Amended Complaint, dated October 24, 2003 ("Complaint"), in which Plaintiffs cured the defects to the Breach of Implied Contract and CUTPA/CUIPA counts by repleading such counts in the manner in which the Court had articulated in the Ruling.

6. In response, Defendant filed a second Motion to Dismiss, dated November 21, 2003 ("Second Motion to Dismiss"), claiming that such counts remain insufficient.

7. Plaintiffs then filed a Memorandum in Opposition to the Second Motion to Dismiss, dated January 9, 2004 ("Memo in Opposition"), and Defendant responded by filing the Reply Brief.

## III.   ARGUMENT

Good cause exists for the Court to allow the Surreply to be considered in its adjudication of the Second Motion to Dismiss, as the Surreply rebuts blatant mischaracterizations of both fact and law contained in the Reply Brief.  Further, Defendant would not be prejudiced by the Court's consideration of the Surreply.

More particularly, Defendant repeatedly states in the Reply Brief that much of the factual arguments made by Plaintiffs in the Memo in Opposition are "extraneous" to the Complaint, and are "later raised … to bolster the sufficiency of the complaint," which is "wholly inappropriate"

and "may not overcome pleading deficiencies." (Reply Brief, pp. 2, 4, 7). However, the pleader's memorandum can be used to clarify allegations of the pleading. See <u>Pegram v. Herdrich</u>, 530 U.S. 211, 229, 120 S.Ct. 2143, 2155 n. 10 (2000). Plaintiffs' statements in the Memo in Opposition serve to <u>clarify</u> the allegations in the Complaint, and are not extraneous or additional factual allegations as Defendant asserts.

The Reply Brief further seeks to discredit an attachment to Plaintiffs' Memo in Opposition (a report furnished by the Connecticut Insurance Department) because such attachment purportedly adds additional allegations to bolster the complaint. (Reply Brief, p. 7). However, the parties may produce affidavits and other materials either in support of or in opposition to a motion for failure to state a claim. See <u>Ford Motor Co. v. Summit Motor Prods., Inc.</u>, 930 F.2d 277 (3rd Cir.), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373 (1991). Finally, the Court has broad discretion to accept or reject attached documents to a memorandum in opposition to a motion for failure to state a claim. See <u>Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.</u>, 232 F.3d 1334, 1341-42 (10th Cir. 2000). To help clarify and support the "general business practice" allegations in the Complaint, Plaintiffs attached the report from the Connecticut Insurance Department to the Memo in Opposition. As such, it is within the Court's discretion to consider such report as supportive material to Plaintiffs' Memo in Opposition.

The Court should also be made aware that the Reply Brief mischaracterizes what is required to sufficiently allege an implied contract claim and a claim under CUTPA/CUIPA, and misstates that Plaintiffs have failed to adequately allege such claims under the applicable standard of review for a motion to dismiss.

Finally, after almost two years since this case was commenced, Defendant has failed to even file an Answer to the allegations alleged in the pending Complaint. As such, Defendant cannot claim prejudice in the Court's review of the attached Surreply. Further, the Surreply's value in assisting the Court in correcting Defendant's mischaracterizations outweighs any prejudice that Defendant may claim to suffer as a result of its consideration.

### IV. CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Motion for Leave, *nunc pro tunc*, and give full consideration to the attached Surreply in adjudicating Defendant's Second Motion to Dismiss.

>
> THE PLAINTIFFS,
> TIMOTHY H. ORR and MARIA ORR
>
>
> By:_____
> Jeffrey M. McCormick (ct#21185)
> O'ROURKE & ASSOCIATES, LLC
> 27 Pine Street
> New Canaan, CT  06840
> phone: (203) 966-6664
> fax:  (203) 966-5710

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 25th day of February, 2004.

_____
Jeffrey M. McCormick

Kathleen A. St. Onge, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103