FILED

2004 MAR -2 P 12: 00

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY ORR AND MARIA ORR | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | NO. 3:02 CV2165 (AVC) |
| V. | : | |
| ROYAL INDEMNITY COMPANY D/B/A ROYAL & SUNALLIANCE | : | |
| Defendants | : | MARCH 2, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY *NUNC PRO TUNC*

The Defendant, Royal Indemnity Company d/b/a Royal & SunAlliance ("Royal"), hereby submits this Memorandum of Law in Opposition to the Plaintiffs' Motion for Leave to File Surreply *Nunc Pro Tunc*, dated February 25, 2004 (hereafter cited as "Motion for Leave at ___").

## I. BACKGROUND

On or about November 21, 2003, Royal filed a Motion to Dismiss Counts Three and Six of the Plaintiffs' Amended Complaint. On December 31, 2003, the Plaintiffs moved for an extension of time to file an opposition brief to Royal's Motion to Dismiss, to which motion Royal assented, and which this Court granted. On January 9, 2004, the Plaintiffs filed their Memorandum of Law in Opposition to Defendant's Motion to Dismiss. Royal timely filed a Reply Brief thereto on January 26, 2004. The Plaintiffs

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filed a Motion for Leave to File Surreply *Nunc Pro Tunc* on February 25, 2004, thirty days after the filing of the Reply Brief to which the proposed surreply is responsive.

## II. LEGAL STANDARD

"The Local Rules allow the opposing party to file a memorandum in opposition to the initial motion, to which the moving party may (but is not required to) file a reply. Any further memoranda, such as a surreply, may be filed only with leave of court." Marczeski v. Law, 122 F. Supp. 2d 315, 318 n.2 (D. Conn., 2000). Local Rule 9(g) governs the filing of reply briefs, and states that "[a]ny reply brief must be filed within ten (10) days of the filing of the responsive brief to which reply is being made." D. Conn. L. Civ. R. 9(g). Local Rule 9(b) governs motions for extension of time, and states that "all . . . motions for extensions of time [other than those concerning filing answers and serving certain discovery responses] must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met." Id. Furthermore, "[a]ll motions for extensions of time . . . shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) . . . he or she cannot ascertain opposing counsel's position." Id.

## III. ARGUMENT

The Plaintiffs Motion for Leave seeks two things: (1) an extension of time, *nunc pro tunc*, in which to file a reply brief; and (2) permission to file a surreply. The Plaintiffs have not demonstrated good cause for either.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### A. The Motion for Extension of Time Does is Fatally Deficient.

According to the Local Rules, any reply briefs must be filed within ten days of the filing of the brief to which they are responsive. D. Conn. L. Civ. R. 9(g). The Plaintiffs' proposed surreply is responsive to Royal's Reply Brief in Support of its Motion to Dismiss, which was filed on January 26, 2004. Thus, any reply to that brief was due on or before February 9, 2004, ten days after the filing of the brief to which it was responsive (not counting weekends and legal holidays as per Fed. R. Civ. P. 6(a)). The Plaintiffs seek to file their surreply on February 25, some thirty days after the filing of the brief to which it is responsive. Thus, although not styled as such, the Plaintiffs' Motion for Leave to File Surreply *Nunc Pro Tunc* is a Motion for Extension of Time.

Local Rule 9(b)(3) requires that any motion for extension of time (other than those concerning responsive pleadings and certain discovery responses) "include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) . . . he or she cannot ascertain opposing counsel's position." Id. The Plaintiffs' motion contains no such statement. In fact, the undersigned represents that counsel for the Plaintiffs did not inform the undersigned that the Plaintiffs intended to file a motion for extension of time.

Furthermore, Local Rule 9(b)(2) requires a showing of good cause for the granting of a motion for extension of time, which good cause must be demonstrated by "a particularized showing that the time limitation in question cannot reasonably be met

– 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

despite the diligence of the party seeking the extension." Id. The Plaintiffs have not offered any reasons as to why the ten day limit imposed on reply briefs could not be met. For all the foregoing reasons, the Plaintiffs' motion for extension of time, styled as a Motion for Leave to File Surreply *Nunc Pro Tunc* does not comply with any of the requirements for extensions of time in the Local Rules, and is thus fatally deficient.

### B. The Plaintiffs Have Not Demonstrated Good Cause to Allow the Filing of Their Proposed Surreply

Although the local rules do not provide for the filing of a surreply, and no ascertainable legal standard governs the court's discretion to grant or deny such filings, the Plaintiffs have adopted the "good cause" legal standard and thus may not dispute its application. See Motion for Leave, at 2 ("Good cause exists for the Court to allow the Surreply to be considered...") The Plaintiffs have not demonstrated good cause for the granting of their Motion for Leave to File Surreply.

The Plaintiffs advance two reasons for filing the proposed surreply which are meant to demonstrate "good cause." The first is that "the Surreply rebuts blatant mischaracterizations of both fact and law contained in [Royal's] Reply Brief." Id. at 2. The second is that "after almost two years since this case was commenced, Defendant has failed to even file an Answer to the allegations alleged in the pending Complaint. As such, the Defendant cannot claim prejudice in the Court's review of the attached surreply." Id. at 4.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Royal has not mischaracterized the law or facts in its Reply Brief. The sole issue addressed in the Plaintiffs' Surreply is whether it is appropriate to add new factual allegations to bolster its arguments in opposition to the Defendant's Motion to Dismiss.

The Plaintiffs cite three cases to support their position that it is proper to include new factual allegations, such as the attachment to their initial Opposition Memorandum purporting to be a report from the Connecticut Insurance Department, though unaccompanied by any affidavit testifying to its authenticity from any official at the Department or other indicia of reliability. The cases the Plaintiffs have cited do not support their position.

In Pegram v. Herdrich, 530 U.S. 211 (2000), the Court noted that it could "use Herdrich's brief to clarify allegations in her complaint whose meaning is unclear." Id. at 229, n. 10. The opinion nowhere indicates that Herdrich had asserted *any new factual* allegations in her appellate brief to the Supreme Court, or in any of the moving papers relative to the appealed-from motion to dismiss in the district court. The opinion nowhere indicates that Herdrich attached *any documents* to either the appellate brief, or any moving papers relative to the appealed-from motion to dismiss in the district court. Rather, Herdrich *clarified* existing allegations. Thus, the quotation cited by the Plaintiffs from Pegram lends no support to the proposition that the pleader may raise *new* factual allegations in a brief, or with supportive documentation appended to a brief. It is beyond cavil that the briefing process on 12(b)(6) motions clarifies the parties' respective positions. The Plaintiffs' inclusion in the instant case of new factual materials – most

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

notably the unauthenticated Insurance Department report —hardly fits within the rule mentioned in a footnote in Pegram, supra.

This is made more apparent by examining the text of Rule 12(b), as well as the other two cases cited by the Plaintiffs. "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).

Indeed, the court in Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277 (3d Cir. 1991), concluded, in attempting to ascertain the appropriate standard of review on appeal:

> Before commencing our review of the district court's action, we must first determine what exactly the district court did. Ford's motion to dismiss the counterclaim was made pursuant to Rule 12(b)(6). The district court made no explicit determination it was going to treat the motion as anything but one for failure to state a claim. However, Rule 12(b) states in part that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Here, both Ford and Altran submitted additional factual material in support of its motion, material which the district court apparently did not exclude. Indeed, the district court expressly considered extrinsic evidence . . . . Thus, we are constrained by the above language to treat the district court's disposition of the matter pursuant to Rule 56, and not Rule 12(b)(6).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Id. at 284.

Likewise, in <u>Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.</u>, 232 F.3d 1334 (10th Cir. 2000), the Court heard an argument that the district court had abused its discretion by failing to treat a 12(b)(6) motion as a motion for summary judgment, where the parties had attached documents to their briefs. The reviewing court noted that the appellant had "failed to demonstrate that the district court *relied* on [matters outside the pleadings] when ruling on the [12(b)(6)] motion. . . . [and thus could not] say that the district court abused its discretion." Id. at 1342 (emphasis original). This underscores the point that if the district court in <u>Lybrook</u> *had* relied on matters outside the pleading, and had not transformed the motion to a Rule 56 motion, then it would have abused its discretion. This case too, then, can be said to stand for the proposition that it is inappropriate to include new factual allegations and attach documents when opposing a 12(b)(6) motion.

Thus, Royal has not mischaracterized the law with respect to the propriety of introducing new factual allegations in moving papers outside the pleadings in an attempt to bolster the sufficiency of the complaint. Rather, by citing cases that clearly do not stand for the proposition the Plaintiffs put forth, it is the Plaintiffs who have mischaracterized the law.

Furthermore, the Plaintiffs assert Royal has mischaracterized the facts contained in the document mainly at issue -- the Connecticut Insurance Department Report. The document, which the Plaintiffs claim demonstrates that Royal has committed certain

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

proscribed acts, actually shows nothing more than that complaints have been filed, and that none were resolved adversely to Royal. Royal certainly has not mischaracterized these facts, which "facts," Royal asserts, speak for themselves, even though they ought not be considered by the Court at this stage.

The Plaintiffs second reason meant to show "good cause" for the filing of the surreply is that Royal will not be prejudiced because the pleading stage in this case has lasted nearly two years. However, Royal has not "failed" to file an answer to the Plaintiffs' latest Complaint. The time for filing an answer can come only after the motion to dismiss is resolved. Second, the Plaintiffs themselves have filed, among other things, a surreply to Royal's first Motion to Dismiss on April 25, 2003 (to which Royal was compelled to file a motion to strike, which motion was denied); a motion for extension of time to designate an expert witness on June 30, 2003; a motion for extension of time in which to reply to Royal's second Motion to Dismiss, dated December 11, 2003, and now the instant Motion for Leave to File Surreply *Nunc Pro Tunc*. That is a total of two extensions of time and two surreplies with respect to pleadings alone. Now Royal is obligated to respond to the instant untimely-filed motion for extension of time (for which no consent from Royal was sought) and motion for leave to file surreply, to its prejudice. It is simply inaccurate for the Plaintiffs to suggest that the length of the pleading stage thus far somehow shows that Royal would not be prejudiced by this Court's acceptance of their surreply. In sum, the Plaintiffs have not demonstrated good cause for the Court to accept the untimely filed Surreply.

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Finally, in the alternative that the Court considers the Surreply, and leaving aside questions concerning the propriety of introducing new factual allegations to bolster a deficient pleading, the two main points addressed by Royal in support of its Motion to Dismiss have still not been addressed by the Plaintiffs. First -- whether considering improperly raised allegations or not -- the Plaintiffs have not alleged any consideration for the purported "implied contract" that is separate and distinct from the consideration to which they were already committed under the express contract. Second, the Plaintiffs have not demonstrated -- whether considering the improperly introduced "Connecticut Insurance Department Report" or not -- that the requisite showing of "general business practices" to a properly pled §38a-816(6) claim can be based on allegations that an insurer has been *accused* of other misconduct, but without an allegation that the insurer has *committed* any other misconduct. No cases have ever so held. If allegations or accusations were the standard for CUIPA violations, then the filing of a complaint would simply be followed by the entry of judgment for the plaintiffs.

For these reasons, and those set forth in Royal's initial Memorandum of Law in Support of Motion to Dismiss, and in Royal's Reply Brief to Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, the Plaintiffs have failed to state claims for implied contract and CUTPA / CUIPA violation upon which relief can be granted.

## IV. CONCLUSION

Because the Plaintiffs' motion for extension of time fails to comply with the Local Rules, it is deficient. Because the Plaintiffs have not demonstrated good cause for the

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filing of a Surreply, their motion for leave to file should be denied. Finally, in the alternative, should this Court consider the Surreply, the Surreply rebuts nothing in Royal's Memorandum of Law in Support of Motion to Dismiss or its Reply Brief to Plaintiffs' Memorandum in Opposition to Motion to Dismiss. Wherefore, the Plaintiffs Motion for Leave to File Surreply *Nunc Pro Tunc* should be denied.

THE DEFENDANTS:
ROYAL INDEMNITY COMPANY
D/B/A ROYAL & SUNALLIANCE

By *[signature]*
John W. Lemega,
Fed Bar # ct 04250, and
Kathleen A. St. Onge
Fed. Bar # ct 16323, of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 2nd day of March, 2004, I hereby mailed a copy of the foregoing to:

Jeffrey M. McCormick, Esq.
O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT  06840

*[signature]*
Kathleen A. St. Onge

520880.1(HSFP)

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105