UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY H. ORR and MARIA ORR, | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | Case No. 3:02cv2165 (AVC) |
| V. | : | |
| | : | |
| ROYAL INDEMNITY COMPANY d/b/a | : | |
| ROYAL & SUNALLIANCE, | : | |
| Defendant. | : | February 25, 2004 |

**PLAINTIFFS' SURREPLY IN SUPPORT OF
MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

**I.      Introduction**

The Plaintiffs, Timothy H. Orr and Maria Orr ("Plaintiffs"), hereby submit this surreply

memorandum in response to Defendant Royal Indemnity Company d/b/a Royal & Sunalliance's

("Defendant") Reply Brief to Plaintiffs' Memorandum in Opposition to Motion to Dismiss, dated

January 26, 2004 ("Reply Brief").  More particularly, Plaintiffs state as follows:

**II.     Background**

1.      On or about January 21, 2003, Defendant filed its first Motion to Dismiss ("First

Motion to Dismiss").

2.      By Ruling dated September 19, 2003, the Court granted in part and denied in part

the First Motion to Dismiss ("Ruling").

3.      More particularly, the Court denied Defendant's attempt to dismiss the (i)

promissory estoppel, (ii) fraud, (iii) breach of implied covenant of good faith and fair dealing,

and (iv) negligence counts in Plaintiffs' original complaint.

4.      However, the Court dismissed the Breach of Implied Contract count (Count

Three) due to Plaintiffs' failure to properly allege the necessary consideration, and further

dismissed the CUTPA/CUIPA count (Count Six) due to Plaintiffs' failure to allege conduct by Defendant that indicated a general business practice.

5.      Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs filed the First Amended Complaint, dated October 24, 2003 ("Complaint"), in which Plaintiffs cured the defects to the Breach of Implied Contract and CUTPA/CUIPA counts by repleading such counts in the manner in which the Court had articulated in the Ruling.

6.      In response, Defendant filed a second Motion to Dismiss, dated November 21, 2003 ("Second Motion to Dismiss"), claiming that such counts remain insufficient.

7.      Plaintiffs then filed a Memorandum in Opposition to the Second Motion to Dismiss, dated January 9, 2004 ("Memo in Opposition"), and Defendant responded by filing the Reply Brief.

**III.    Argument**

**A.    <u>Count Three – Breach of Implied Contract</u>.**

The Reply Brief first argues that certain factual arguments made by Plaintiffs in the Memo in Opposition are "extraneous" to the Complaint, and are "later raised … to bolster the sufficiency of the complaint," which is "wholly inappropriate" and "may not overcome pleading deficiencies." (Reply Brief, p. 4). More particularly, Defendant takes umbrage with the fact that the Memo in Opposition states that Plaintiffs covered roughly $30,000.00 worth of expenditures from their own pocket, but the Complaint does not make such specific allegation. (Reply Brief, p. 3, n. 2). Defendant's argument, however, is inaccurate, and further attempts to apply a level of specificity to the Complaint that simply does not exist under applicable pleading standards.

While it may be true that the inclusion of "factual allegations in … moving papers not contained in the Complaint … is wholly inappropriate," (Reply Brief, p. 4; quoting <u>Bauchman v.</u>

2

West High School, 132 F.3d 542, 550 (10th Cir. 1994), *cert. denied*, 524 U.S. 953 (1998)), the pleader's memorandum can be used to clarify allegations of the pleading. See Pegram v. Herdrich, 530 U.S. 211, 229, 120 S.Ct. 2143, 2155 n. 10 (2000). In the Complaint, Plaintiffs allege that "consideration was given by Plaintiffs in exchange for the promises [Defendant] made, which consideration included (i) paying for all out-of-pocket expenses in reliance on the promise of reimbursement from [Defendant], … ." (Complaint, Count Three, ¶ 45). As such, Plaintiffs' statement in the Memo in Opposition regarding the specific amount in which they expended in out-of-pocket costs (roughly $30,000.00) serves only to clarify the allegation in the Complaint, and is not an extraneous or additional factual allegation as Defendant asserts.

Further, requiring Plaintiffs to specifically plead their $30,000.00 expenditures, as Defendant argues is necessary, would require a degree of specificity that does not exist under the applicable liberal rules of pleading. Plaintiffs' allegations in the Complaint is all that is required.

Defendant then misstates Plaintiffs' characterization of Defendant's duties under the underlying insurance policy. More particularly, Defendant attempts to connect its duty to "indemnify" Plaintiffs' losses only to such losses that Plaintiffs themselves first cover. (Reply Brief, p. 4). Even Defendant's inclusion of the definition of "indemnify" (to reimburse) fails to bring credibility to its argument, as under such rationale Plaintiffs would be required to pay for a major reconstruction project out of their own pockets before Defendant's duty to "indemnify" would kick in. This is not how Homeowners Insurance works, and Defendant should know this better than anyone.

For all the foregoing reasons, and those articulated in Plaintiffs' Memo in Opposition, Plaintiffs have sufficiently alleged the requisite consideration to support their Implied Contract claim, and therefore, Defendant's Motion to Dismiss Count Three should be denied.

**B.**     **Count Six – CUTPA/CUIPA.**

Defendant again argues that Plaintiffs have inappropriately added to or "amended" the Complaint by attaching a report furnished by the Connecticut Insurance Department which shows twenty-six (26) different registered complaints against Defendant since January of 2000, all of which in regard to Defendant's Homeowners Insurance coverage ("Insurance Department Report"). (Reply Brief, pp. 7-8). However, as stated above, the pleader's memorandum can be used to <u>clarify</u> allegations of the pleading. <u>Pegram</u>, 120 S.Ct. at 2155 n. 10 (2000). Further, the parties may produce affidavits and other materials either in support of or in opposition to a motion for failure to state a claim. <u>See</u> <u>Ford Motor Co. v. Summit Motor Prods., Inc.</u>, 930 F.2d 277 (3rd Cir.), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373 (1991). Finally, the Court has broad discretion to accept or reject attached documents to a memorandum in opposition to a motion for failure to state a claim. <u>See</u> <u>Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.</u>, 232 F.3d 1334, 1341-42 (10th Cir. 2000).

In the Ruling on Defendant's First Motion to Dismiss, the Court dismissed Plaintiffs' CUTPA/CUIPA count, stating:

> [T]he complaint does not allege a "general business practice." Although [Plaintiffs] allege multiple instances of [Defendant]'s unfair misconduct during a single claims process, all of these instances relate to a single policy, a single overall claim, and a single incident. In other words, [Plaintiffs] have not alleged any "evidence of misconduct by the defendant in the processing of any other claim."

(Ruling, pp. 24-25). With the Court's statements in mind, Plaintiffs re-pled their CUTPA/CUIPA claim to allege the requisite "general business practice" by making specific allegations of evidence of Defendant's misconduct in the processing of other claims. (Complaint, Count Six, ¶¶ 51, 52). To help clarify and support such allegations in the

Complaint, Plaintiffs attached the Insurance Department Report to the Memo in Opposition. As such, it is within the Court's discretion to consider the Insurance Department Report as supportive material to Plaintiffs' Memo in Opposition.

Defendant further argues that, even in the face of Plaintiffs' allegations of Defendant's misconduct in processing Homeowners Insurance claims <u>other than Plaintiffs' claims</u>, Plaintiffs' still failed to allege a "general business practice." (Reply Brief, pp. 8-9). Defendants base such position upon the notion that Plaintiffs merely alleged that Defendant has been *accused* of similar misconduct in handling other claims instead of alleging that Defendant in fact *committed* such misconduct. (<u>Id</u>.). However, when applying the appropriate standard of review for a motion to dismiss, which requires the Court to read the Complaint with great generosity and in the light most favorable to the pleader, Plaintiffs have in fact affirmatively alleged that Defendant has *committed* misconduct in claims other than their own, and thereby have adequately alleged a "general business practice". Further, the Court's Ruling, as quoted above, did not expressly require allegations of *accused* misconduct or *committed* misconduct. The court simply stated that <u>any</u> allegation evidencing misconduct by Defendant in the processing of any other claim is sufficient to properly allege a "general business practice". Therefore, the allegations contained in the Complaint have met the requirements of the Court's Ruling, and Plaintiffs have pled a sufficient CUTPA/CUIPA claim.

For all the foregoing reasons, and those articulated in the Memo in Opposition, Defendant's Motion to Dismiss Count Six should be denied.

**IV.**     **Conclusion**

Therefore, the Court should summarily deny Defendant's Second Motion to Dismiss.


PLAINTIFFS,
TIMOTHY H. ORR and MARIA ORR



By:_____
         Jeffrey M. McCormick (ct#21185)
         O'ROURKE & ASSOCIATES, LLC
         27 Pine Street
         New Canaan, CT  06840
         telephone: (203) 966-6664

6

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 25th day of February, 2004.


_____
Jeffrey M. McCormick


Kathleen A. St. Onge, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

7