UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY H. ORR and MARIA ORR, | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | Case No. 3:02cv2165 (AVC) |
| V. | : | |
| | : | |
| ROYAL INDEMNITY COMPANY d/b/a | : | |
| ROYAL & SUNALLIANCE, | : | |
| Defendant. | : | April 7, 2004 |

## PLAINTIFFS' EMERGENCY MOTION
## FOR PARTIAL STAY OF PROCEEDINGS

**I.     INTRODUCTION**

The Plaintiffs, Timothy H. Orr and Maria Orr ("Plaintiffs"), hereby motion the Court for a stay to enter as to the current discovery deadline of April 16, 2004. Plaintiffs and the Defendant, Royal Indemnity Company d/b/a Royal & Sunalliance ("Defendant"), have entered into meaningful settlement discussions which the parties believe present a reasonable opportunity to resolve this case, and, therefore, obviate expensive discovery, pretrial motions, and a trial. The requested stay of the discovery deadline is necessary, in the event the case does not settle, to allow Plaintiffs to retain their ability to (i) take the depositions of Defendant and its designated expert, (ii) obtain discovery regarding Defendant's eventual Answer, and any affirmative defenses it may contain, and (iii) work out and/or apply to the Court for the adjudication of the several outstanding objections that Defendant has interposed regarding Plaintiff's written discovery requests. In support of this motion for partial stay of the discovery deadline, Plaintiffs state as follows:

**Oral Argument Not Requested**
**Testimony Not Required**

## II. BACKGROUND

1. On March 16, 2004, the Court granted Defendant's Motion for Extension of Time and Modification of Scheduling Order, thereby setting the current discovery deadline to April 16, 2004 ("Discovery Deadline").

2. Also on March 16, 2004, Plaintiffs served notices of deposition upon Defendant's designated expert, John Seifel ("Seifel"), for March 29, 2004, and upon Defendant itself for March 31, 2004.

3. However, due to the fact that Defendant required more time to deliver responses to Plaintiffs' Interrogatories and Production Requests, as well as an injury suffered by Defendant's representative from a car accident that he had been involved in, the depositions were postponed until mutually agreeable dates in early April.

4. On March 24, 2004, after the completion of the deposition of Plaintiffs' designated standard of care expert, Defendant's counsel approached the undersigned counsel for Plaintiffs regarding a meaningful offer of settlement of the instant case, or, if the parties were unable to settle the matter themselves, to apply for a mediation with a Magistrate Judge.

5. Discussions by counsel indicate reasonable settlement prospects exist, and such prospects will be enhanced if the parties can avoid the expense and burden of completing discovery at this juncture.

6. As such, Plaintiffs require an immediate stay of the Discovery Deadline to be entered so that they may complete discovery in the event that the parties are unable to successfully settle or mediate the case.

**III.  ARGUMENT**

Good cause exists for the Court to enter a partial stay as to the Discovery Deadline, as Plaintiffs should maintain the ability to depose the Defendant and its designated expert should settlement negotiations and/or a mediation fail.

While not directly on point, the district court for the district of Connecticut has held that it has the authority to "'stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action.'" Bridgeport Harbour Place I, LLC v. Ganim, 269 F.Supp.2d 6, 8 (D. Conn. 2002) (quoting Securities & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc)). Further, in determining whether to impose a stay of discovery, "… factors a court should consider include: 1) the interests of the plaintiff in an expeditious resolution and the prejudice to the plaintiff in not proceeding; 2) the interests of and burdens on the defendant; [and] 3) the convenience to the court in the management of its docket and in the efficient use of judicial resources … ." Id. (citing Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995)).

In this case, a stay of the Discovery Deadline while the parties attempt to settle or mediate the case would serve the best interests of Plaintiffs, Defendant and the Court, as a settlement at this juncture would obviate expensive discovery, pretrial motions, and a trial. More particularly, Plaintiffs were prepared to go forward with the depositions of Defendant and Seifel once Plaintiffs were in possession of Defendant's responses to Plaintiff's Interrogatories and Production Requests. However, as Defendants have now made a legitimate offer to settle and/or mediate the case, a partial stay of the Discovery Deadline would alleviate the potentially

unnecessary significant expense of preparing for and performing the depositions of Defendant and Seifel, as well as the expense of Seifel's deposition fee and the substantial court reporting costs. This case has been zealously litigated (in a time-effective manner) since its inception in October of 2002, as evidenced by the fact that Defendant's second Motion to Dismiss, dated November 21, 2003, is still pending before the Court. As such, Plaintiffs have absorbed significant legal fees to date, and wish to conserve their already strained financial resources at every opportunity.

Further, as Defendant's second Motion to Dismiss has yet to be adjudicated, Defendant has yet to file an Answer, which may or may not contain affirmative defenses. As such, in the event the matter does not settle (or is not successfully mediated), a partial stay of the Discovery Deadline would allow Plaintiffs to obtain discovery regarding Defendant's eventual Answer and any such defenses it may present.

Finally, while Defendant has made a partial response to Plaintiffs' Production Requests, and is expected to make a partial response to Plaintiffs' Interrogatories this week, Defendant has interposed several objections to many of Plaintiffs' discovery requests that may require the Court's intervention to resolve. Therefore, should the parties not resolve the case, a partial stay of the Discovery Deadline would allow Defendant's objections to be resolved or adjudicated, and perhaps allow for further production by Defendant.

However, should a stay not enter at this juncture, the parties would be forced to perform expensive, time-consuming, and potentially unnecessary discovery when the parties may be on the verge of agreeing to a settlement of these matters.

Defendant's counsel, Kathleen A. St. Onge of Halloran & Sage, LLP, has been contacted by the undersigned counsel for Plaintiffs, and Defendant strongly concurs with Plaintiffs' request, and has no objection to it being granted.

This is Plaintiffs' first request for a partial stay in this matter.

## IV.   CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Emergency Motion for a Partial Stay of Proceedings, and stay the April 16, 2004 discovery deadline until after the parties have had the opportunity to settle or successfully mediate this matter.

                                        THE PLAINTIFFS,
                                        TIMOTHY H. ORR and MARIA ORR



                                        By:_____
                                            Jeffrey M. McCormick (ct#21185)
                                            O'ROURKE & ASSOCIATES, LLC
                                            27 Pine Street
                                            New Canaan, CT  06840
                                            phone: (203) 966-6664
                                            fax:  (203) 966-5710

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 7th day of April, 2004.

                                                                  _____
                                                                  Jeffrey M. McCormick

Kathleen A. St. Onge, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103